# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 16-00161-CG-B |
| ISAAC DAMON PETITE | ) ) ) | |

## ORDER

This matter is before the Court on a motion to dismiss Count II of the Indictment filed by Defendant Isaac Damon Petite ("Defendant") (Doc. 28) and a response in opposition filed by the Government (Doc. 31). Defendant contends that Count II of the Indictment is due to be dismissed because it constitutes a lesser-included offense of Count I, which violates the Double Jeopardy Clause of the United States Constitution. The Government counters that Defendant's motion is due to be denied because it was filed after the pretrial motion deadline expired and, furthermore, that the two crimes are distinct, which does not run afoul of the Double Jeopardy Clause. The Court finds the Government's arguments persuasive and, for the reasons set forth below, denies Defendant's motion.

**1. Timeliness of the Motion**

As to the Government's first argument, Rule 12 of the Federal Rules of Criminal Procedure addresses a court's power to enact pretrial motion deadlines and the potential consequences for not abiding by such deadlines. It is within the purview of a court to set a deadline for such pretrial motions. If a party fails to

comply with a court ordered deadline, any pretrial motion filed after the deadline's expiration "is untimely." Fed. R. Crim. P. 12(c)(3).  A court may consider an untimely pretrial motion "if the party shows good cause" for the untimeliness.  Fed. R. Crim. P. 12(c)(3).  "Good cause" is a "flexible standard that requires consideration of all interests in the particular case."  Fed. R. Crim. P. Advisory Comm. Notes (2014 Amendment).

Here, the Court's Order on Arraignment, issued January 27, 2017, clearly spells out that any Rule 12(b) motion must be filed "no later than February 10, 2017." (Doc. 15, p. 2).  A double jeopardy defense is raised under Rule 12(b)(3). *United States v. Schropp*, 829 F.3d 998, 1004 (8th Cir. 2016).  Echoing the language of Rule 12, the Order explains that a pretrial motion filed beyond this deadline "must contain an explanation as to why [the motion was] not timely filed and will be considered only if good cause for the tardy filing has been shown." (Doc. 15, p. 2).

Defendant filed the present motion more than a month and a half past the ordered deadline.  The motion provides no explanation of the "good cause" justifying its tardiness.  Moreover, the contents of the motion show no good cause exists.  First, Defendant relies on *United States v. Mendez*, 117 F.3d 480 (11th Cir. 1997), as grounds to dismiss Count II.  *Mendez*, however, was decided almost twenty years ago.  Therefore, it is not newly decided precedent Defendant attempts to rely upon.  Second, Defendant's arraignment occurred on January 27, 2017.  As late as that date Defendant knew the separate counts for the Indictment clearly charged him with violation of Title 18, United States Code, Section 2114(a) in Count I and

violation of Title 18, United States Code, Section 1708 in Count II. (Doc. 1). Since that time, the indictment has remained unchanged. Thus, the basis for Defendant's argument has been readily discernible from the face of the indictment all along. Therefore, Defendant cannot show good cause for his untimely pretrial motion.

## 2. Double Jeopardy

Even if Defendant could show good cause, the motion is still due to be denied because the double jeopardy argument lacks merit.

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

> [W]here … two offenses for which the defendant is punished … cannot survive the "same elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the "*Blockburger*" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment….

*United States v. Dixon*, 509 U.S. 688, 696 (1993) (citations omitted); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993) ("[T]wo crimes are to be treated as the same offense unless each crime requires proof of an additional element that the other does not require."), *cert. denied*, 511 U.S. 1011 (1994). With this principle in mind, it is necessary for the Court to lay out the applicable statutory provisions.

Title 18, United States Code, Section 2114(a) states, in relevant part:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with the intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or

3

> other property of the United States, shall, for the first offense, be imprisoned not more than ten years …..

Additionally, Title 18, United States Code, Section 1708 states, in relevant part based on the Indictment:

> Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter … [s]hall be fined under this title or imprisoned not more than five years, or both.

Defendant contends that the elements of each statute are similar enough that § 2114(a) and § 1708 run afoul of *Blockburger* when charged together.  In support, Defendant cites the Eleventh Circuit Court of Appeals decision in *United States v. Mendez*, 117 F.3d 480 (11th Cir. 1997).  In *Mendez*, a trio of confederates robbed two different mail carriers of their mail truck at gunpoint on two separate occasions. 117 F.3d at 482.  On each occasion, the trio drove the stolen mail truck full of mail to a waiting car, loaded the mail into the waiting car, and went to an alternate location whereupon they went through the mail in search of credit cards.  *Id.* Subsequently Mendez was indicted with four separate counts "charging Mendez [and his confederates] with assaulting a mail carrier with the intent to steal mail, in violation of 18 U.S.C. §§ 2114 and 2, on May 5, 1993 (Count I), and May 17, 1993 (Count II), and with possession of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2, on May 5, 1993 (Count III), and May 17, 1993 (Count IV)."  *Id.*  A jury convicted Mendez on all counts.

The Eleventh Circuit reversed Mendez's convictions under § 1708 as violating *Blockburger* and explained, in relevant part:

4

> The district court properly articulated the elements of the section 2114 offenses: "First, that the defendant took from a mail carrier mail, money and property that was in the possession of a mail carrier as charged. Two, that the defendant did so by means of force, violence or intimidation. Third, that the defendant acted knowingly and willfully." This court has held that in order to sustain a conviction under section 1708, "the government must prove that the defendant [1] possessed material stolen from the mail, [2] knew that it had been stolen, and [3] had the specific intent to possess the material unlawfully." *United States v. Hawkins*, 614 F.2d 85, 87 (5th Cir.), *cert. denied*, 446 U.S. 955, 100 S. Ct. 2926, 64 L. Ed. 2d 814 (1980). Assessing the elements in light of the facts of this case, i.e., where each robbery and possession was contemporaneous, we find that the elements of the section 1708 offenses are subsumed in those of section 2114. Consequently, under the circumstances here, section 1708 constitutes a lesser-included offense of section 2114. *Accord United States v. Seals*, 545 F.2d 26, 26–29 (7th Cir. 1976) (defendant could not be convicted of both robbing a postal carrier under section 2114 and of possessing the same stolen mail under section 1708); *cf. United States v. Wright*, 661 F.2d 60, 62 (5th Cir. Unit B Nov. 1981) ("Wright was charged with both robbery of a post office, 18 U.S.C. § 2114, and possession of property stolen in the robbery, 18 U.S.C. § 641. He could not be convicted of both charges."); *United States v. Gibson*, 820 F.2d 692, 694–95 (5th Cir. 1987) (defendant convicted under section 2114 for robbing a post office could not also be convicted under 18 U.S.C. § 500 for possession and receipt of stolen money orders taken during the robbery).

*Mendez*, 117 F.3d at 487 (footnotes omitted).

Defendant argues that when the Eleventh Circuit "required that the § 2114(a) and § 1708 conduct be contemporaneous" it did not mean that the conduct must be "simultaneous," that is "exactly coincident." (Doc. 28, p. 3). On the same day, Defendant is "alleged to have engaged in a verbal assault of the mail carrier … with the specific intent to rob her of a specific piece of mail matter. Immediately following that alleged conduct, [Defendant] then drove to another location and retrieved that exact mail matter." *Id.* These two occurrences are contemporaneous,

5

which means Defendant cannot be convicted under both § 2114(a) and § 1708. *Id.*

The Government responds that the evidence will establish that Defendant committed "two separate violations which occurred at different locations and which require different proof of different elements." (Doc. 31, p. 5). Defendant unsuccessfully sought to steal the mail matter from the mail carrier when he assaulted her at her vehicle and, separately, "illegally obtained" the desired package that had been previously delivered to an "authorized mail repository" (apartment complex) "by misrepresenting his identity." *Id.* at 4. Therefore, the facts of this case are materially distinguishable from *Mendez*. *Id.* at 5. The Court finds the Government's argument persuasive based on the following.

The temporal breadth Defendant attempts to confer upon the Eleventh Circuit's use of the term "contemporaneous" fails to consider the express language of *Mendez*. The *Mendez* Court specifically limited its decision to the circumstances before it and based solely on those facts. 117 F.3d at 487. More specifically, the court addressed a situation where a mail carrier was robbed and the perpetrator took possession of the mail matter from the mail carrier. As such, the contemporaneous nature of the robbery and possession meant they were, in fact, simultaneous. This interpretation is confirmed by the synonymous relationship the terms contemporaneous and simultaneous share. *See* ROGET'S INTERNATIONAL THESAURUS § 836.5 (7th ed. 2010) (listing contemporaneous as a synonym to the adjective simultaneous).

But in this case, it is alleged that Defendant traveled to a separate location

6

where the mail matter was previously delivered and took possession there by misrepresenting his identity. Defendant is not alleged to have taken possession from the mail carrier. This materially distinguishes the facts of this case from the contemporaneous actions, i.e, the robbery and possession, in *Mendez*. The Court concludes that, in light of the limiting language in *Mendez*, the alleged facts underlying the two counts of the present Indictment are not contemporaneous, and proof of all but the assault in Count I would not necessarily leave all of the elements of Count II established. Therefore, the elements of Count II (§ 1708) are not subsumed in those of Count I (§ 2114(a)) under the alleged facts of this case.

**DONE** and **ORDERED** this 7th day of April, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE